UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JENS P. HANSEN,

    Plaintiff,

v.                                                Case No. 4:19cv197-AW-HTC

FLORIDA COMMISSION
ON OFFENDER REVIEW,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's First Amended Complaint. ECF Doc. 20. This action has been referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Based upon a review of the amended complaint, the undersigned finds that it should be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine.[1]

### I.    Background

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") currently confined at Cross City Correctional Institution, proceeding *pro se* and *in forma pauperis*, initially filed this suit alleging the Florida Commission on Offender

---

[1] The Rooker-Feldman doctrine rests on two United States Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Review (the "Commission") violated his Fourteenth Amendment rights by evaluating his eligibility for parole in an "arbitrary and illegal" manner. ECF Doc. 20 at 12. On September 20, 2019, in response to the Commission's motion to dismiss, Plaintiff filed his first amended complaint to name three individual commissioners in place of the Commission: (1) Melina N. Coonrod, (2) Richard D. Davison, and (3) David A. Wyant. ECF Doc. 20 at 2. Plaintiff's first amended complaint sets forth the factual allegations that follow.

In June 1990, Plaintiff was convicted of first-degree murder. In July 1990, Plaintiff was sentenced to life in prison with the possibility of parole after twenty-five (25) years. With credit for pretrial detention, Plaintiff became eligible for parole on September 1, 2014. In April 2013, the Florida Parole Commission (now known as the Florida Commission on Offender Review) set Plaintiff's presumptive parole release date ("PPRD") as August 31, 2017. On May 4, 2017, parole examiner Tommy Hopson interviewed Plaintiff and stated he would recommend keeping the PPRD as the effective parole release date ("EPRD"). A week later, however, Hopson called Plaintiff and said "the interview was a mistake, even though it had been planned for four years." Hopson interviewed Plaintiff again on June 9, 2017, and stated Plaintiff's "release plan was as good as any he had seen." During the interview, Hopson also indicated he was satisfied with Plaintiff's remorse.

Nevertheless, on June 22, 2017, Hopson submitted a report that (1) recommended postponing consideration of Plaintiff's parole for seven (7) years; (2) recommended that Plaintiff be subjected to "arbitrary harsh conditions contrary to [the Commission's] rules" if paroled; (3) indicated Plaintiff's release plan was unsatisfactory; and (4) cited a lack of remorse at the time of the offense as a factor weighing against parole. Plaintiff alleges someone ordered Hopson "to change his report to a very negative report" that "falsely described the offered release plan and falsely depicted [Plaintiff]."

The Commission met on July 19, 2017, to consider Plaintiff's EPRD, "then ordered an Extraordinary Review without giving the specific reasons required by their own rules." Plaintiff claims the Commission was required to make three (3) prospective findings regarding parole suitability under Fla. Stat. § 947.18 but failed to do so in the July 19 hearing. After the December 6, 2017 review, the Commission "issued an Extraordinary Review Action . . . suspending the PPRD, and withheld further review for 7 years, contrary to the law." To support its decision, the Commission cited Plaintiff's minimal participation in self-betterment programs and information in "secret" FDOC files Plaintiff was not allowed to view.

Plaintiff claims the Commission "[threw] out and destroyed favorable evidence submitted by [Plaintiff] and his supporters"; "based [its] decision in the hearing on a supposed 'lack of remorse' – 28 years ago . . . then in the decision used

*post hoc* rationalization giving arbitrary bases"; "fabricated a libelous misquotation in the final decision to inflame prejudice"; and "failed to comply with the law in putting off further review for 7 years."

Plaintiff challenges the reasons the Commission cited in support of its decision. He claims the Commission: (1) "characterized an 11 year [disciplinary report ("DR")] free record as a 'propensity for criminal conduct' . . . inconsistently with previous decisions that a 5 year DR-free record was satisfactory for parole"; (2) cited an 'unreasonable risk to others' . . . but gave no basis for that assertion"; "stated [Plaintiff had] 'minimal participation in self-betterment programs' . . . but gave no standard nor any indication of what would be a satisfactory program, and they had destroyed the evidence of the programs [Plaintiff] had completed"; (3) stated Plaintiff needed "'continued observation and treatment' with no indication of what that 'treatment' was for, what the 'treatment' would be, what the 'treatment' should accomplish, or what would constitute a satisfactory conclusion"; and (4) cited "a general objection" to parole by the sentencing court that was "not sufficient in Florida law to prejudice parole."

Based on the foregoing, Plaintiff asserts the Commission's 2017 parole determination violated his procedural and substantive due process rights, as well as his equal protection rights. As a remedy, Plaintiff seeks declaratory relief and an

injunction requiring the Commission to "re-initiate the review process, abiding by Florida law and the U.S. Constitution." ECF Doc. 20 at 14-15.

Based on the filing of the amended complaint, the undersigned found the Commission's motion to dismiss to be moot and entered an order giving Plaintiff twenty-one (21) days to show cause why his case should not be dismissed for lack of federal jurisdiction under the *Rooker-Feldman* doctrine. ECF Doc. 21. Plaintiff filed a response to the Court's order to show cause on October 15, 2019. ECF Doc. 23.

## II.   Legal Standard

The Court has an independent obligation to review a prisoner's complaint under the Prison Litigation Reform Act ("PLRA") and to ensure that it has subject matter jurisdiction over the matter. *See University of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

The *Rooker-Feldman* doctrine "is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012) (citation omitted). The doctrine derives from 28 U.S.C. § 1257, which "vests authority to review a state court's judgment solely in [the Supreme] Court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S.

280, 292 (2005). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. The doctrine "operates as a bar to federal court jurisdiction where the issue before the federal court was 'inextricably intertwined' with the state court judgment so that (1) the success of the federal claim would 'effectively nullify' the state court judgment, or that (2) the federal claim would succeed 'only to the extent that the state court wrongly decided the issues.'" *Alvarez*, 679 F.3d at 1262-63 (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009)).

### III.  Discussion

In the "Previous Lawsuits" section of his civil rights complaint form, Plaintiff states he filed a petition for writ of mandamus against the Commission in state court involving the "same facts and claims raised" in this case. ECF Doc. 20 at 5. He indicates the petition was denied on June 12, 2018, before he filed the instant § 1983 complaint. *Id.* Plaintiff attaches a copy of the state court's order denying the petition to his response to the show cause order.

As he does here, Plaintiff challenged the suspension of his PPRD in his state court petition for writ of mandamus. ECF Doc. 23 at 7 (Order Denying the Petition for Writ of Mandamus). Although Plaintiff has not provided a copy of the petition to the Court, a review of the state court's order denying the petition shows that

Plaintiff made the same arguments there that he does here.  For instance, Plaintiff (1) "finds fault with the Investigator's notation of a lack of remorse"; (2) "contests the accuracy of the PSI indicating he did not confess the crime"; (3) "appears to claim that the Investigator did not follow the requirements of section 947.174, Florida Statutes [and] seems to believe that the Commission Investigator was limited only to new information and could not consider anything else"; (4) "finds fault with the Investigator's recommendation of a seven-year interview"; and (5) "seems to complain that the Investigator at the interview thought the release plan was good but in his report noted the plan was unsatisfactory and erroneously noted that the Plaintiff did not have a transition housing plan." *Id.* at 8-9.

The state court denied each of Plaintiff's claims, finding that Plaintiff failed to show any error in either the Investigator's interview or in the Commission's decision to suspend his PPRD, and that the Commission complied with all relevant Florida Statutes and Florida Administrative Code provisions in making its determination. *Id.* at 11.  Specifically, the state court found that (1) the Commission was entitled to take into account Plaintiff's lack of remorse, documented confession, program involvement, and unsatisfactory release plan in making its determination; (3) the Commission was entitled to examine the entire inmate record, rather than just what has occurred in the recent past; (3) the Commission clearly articulated its

findings and reasons for suspending the PPRD; and (4) the Commission did not err in postponing Plaintiff's next parole hearing for seven (7) years. *Id.*

Despite the same claims having already been presented and ruled upon in state court, Plaintiff argues that *Rooker-Feldman* is inapplicable because (1) "some of the same factual and legal claims were raised to the state court [but] some of the claims in this complaint were not addressed or resolved by the state court"; (2) the proceeding in the state court was a petition for a writ of mandamus, rather than a 42 U.S.C. § 1983 claim; (3) the respondent in the state proceeding was the Commission, rather than the Commissioners; and (4) a full hearing was not held on Plaintiff's state court claims. ECF Doc. 23. The undersigned does not find that Plaintiff's arguments render *Rooker-Feldman* inapplicable.

First, to the extent Plaintiff makes new factual or legal claims or raises federal constitutional violations in this case that were not raised in state court, *Rooker-Feldman* nonetheless applies. *See Brackman v. Indiana*, 93 F.App'x 989 (7th Cir. 2004) ("[e]ven if [plaintiff] did not specifically raise each of the allegations mentioned here in his petition for writ of mandamus, all issues relating to the circuit court's alleged inaction are barred"). This is because *Rooker-Feldman* "applies not only to claims presented or adjudicated by a state court, but also to claims that are inextricably intertwined with a state court's judgment." *Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (internal quotations omitted). Specifically, "[a] federal

claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir. 2000) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987)). For example, the Eleventh Circuit has long held that *Rooker-Feldman* applies "[e]ven if the federal court collateral attack on the state court judgment is premised on the unconstitutionality of a federal statute." *See Powell v. Powell*, 80 F.3d 464, 467 (11th Cir. 1996). In other words, "a party losing in state court is barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Brown & Root, Inc. v. Breckenridge,* 211 F.3d 194, 199 (4th Cir. 2000) (internal quotations omitted).

Because Plaintiff seeks the same relief based on the same allegations and facts as was contained in his petition for writ of mandamus, for Plaintiff to prevail in this action, this Court would have to find that the state court's decision that the Commission committed no errors or legal violations was wrong. *See Lackawanna Transport Co. v. Public Serv. Com'n of West Va.*, 2010 WL 1067409, *5 (N.D. WV March 16, 2010) (dismissing 1983 action against Public Service Commission because a grant of relief would render state court's judgment on writ of mandamus ineffectual). Indeed, Plaintiff seeks a declaration from this Court that (1) the parole examiner failed to perform his duties; (2) the commissioners acted in bad faith and

illegally; and (3) the commissioners abused their discretion and violated the law. ECF Doc. 20 at 14-15. Those findings are directly contrary to and would nullify the state court's order denying Plaintiff's petition for writ of mandamus. Thus, Plaintiff's claims here are inextricably intertwined with his prior state court claims, and this Court does not have jurisdiction over them. *See, i.e., Powell*, 80 F.3d at 468 (holding the district court lacked jurisdiction over Plaintiff's constitutional claim because, if a federal district court were to hold in Plaintiff's favor on his federal claim, that holding would "effectively nullify" the state court's judgment).

Second, the fact that the Commission was the named defendant in Plaintiff's petition rather than the individual commissioners also does not render *Rooker-Feldman* inapplicable. The Eleventh Circuit has held that the doctrine may apply even where a party to the federal proceeding was not, and could not have been, a party to the state proceeding. *See id.* at 467. The relevant question is not whether a particular party was present in the prior proceeding, but whether the plaintiff had a "reasonable opportunity" to bring his claim in the state court proceeding. *Id.* at 468 ("The absence of [a party] from the state court proceeding did not deprive [Plaintiff] of an opportunity to press his claim.").

Plaintiff had the opportunity to name the individual commissioners as parties to his petition in the state court but chose to name the Commission as an entity instead (just as he did in his initial complaint in this case). Regardless, whether

Plaintiff named the Commission or commissioners as parties is irrelevant in this instance because the claims brought here are the same as or intertwined with those brought before the state court.

Finally, the fact that a full hearing was not held on Plaintiff's petition also does not render *Rooker-Feldman* inapplicable. The Supreme Court has clarified that the crucial question in determining whether a district court may review final decisions of a state court is not whether there was a full hearing on the matter, but whether the state court's decision was "judicial in nature." *Feldman*, 460 U.S. at 474-475. In *Feldman*, the Supreme Court held that the D.C. Court of Appeals had acted judicially when it denied plaintiffs' petitions because it had been "called upon to investigate, declare, and enforce liabilities as they [stood] on present or past facts and under laws supposed already to exist." *Id.* at 479 (internal quotations omitted). The Court added that it does not matter if a case does not "assume the form commonly associated with judicial proceedings[,]" but that "[i]t is the nature and effect which is controlling." *Id.* at 482.

Regardless of whether a hearing was held, the state court considered and denied Plaintiff's petition on the merits. The state court's decision addressed each of Plaintiff's claims at length and determined based on the applicable law. Clearly, the decision was judicial in nature. *See Doe v. Florida Bar*, 630 F.3d 1336, 1341

Case No. 4:19cv197-AW-HTC

(11th Cir 2011) (holding that *Rooker-Feldman* barred district court jurisdiction over a state court decision denied on the merits).

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED for lack of federal jurisdiction under the *Rooker-Feldman* doctrine.

2. That the clerk be directed to close the file.

DONE this 28th day of October, 2019.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.